**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**August 22, 2006**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

CECILIO P. FABELA,

Petitioner-Appellant,

v.

RON WARD, Warden,

Respondent-Appellee.

No. 06-6117

(W.D. Oklahoma)

(D.C. No. CIV-05-799-L)

**ORDER**

Before **HENRY**, **BRISCOE**, and **O'BRIEN**, Circuit Judges.

Cecilio Fabela, an Oklahoma state prisoner proceeding pro se, seeks a certificate of appealability ("COA") to appeal the district court's decision dismissing his 28 U.S.C. § 2254 petition for a writ of habeas corpus. Mr. Fabela also seeks to proceed in forma pauperis ("IFP"). In his § 2254 petition, Mr. Fabela raised seven claims regarding denial of due process, ineffective assistance of counsel, and the prosecution's failure to disclose a toxicology report favorable to his defense. For substantially the same reasons set forth by the district court in its well-reasoned order, we deny Mr. Fabela's application for a COA, deny his request to proceed IFP, and dismiss this matter.

I. BACKGROUND

Mr. Fabela was charged in Oklahoma state court with first degree murder for the death of his wife, and was sentenced to life imprisonment without the possibility of parole. His conviction and sentence were affirmed on direct review. Mr. Fabela also sought postconviction relief before the Oklahoma state courts, which was denied.

In his § 2254 petition, and before us, Mr. Fabela raises seven propositions of error. He contends: (1) he was denied an impartial jury because the State exercised its peremptory challenges to exclude potential jurors on the basis of race in violation of *Batson v. Kentucky*, 476 U.S. 79 (1986); (2) the trial court's refusal to give Mr. Fabela's requested jury instructions on issues related to sentencing violated his Fourteenth Amendments due process rights; (3) the cumulative effect of various trial errors and prosecutorial misconduct denied him a fundamentally fair trial; (4) Mr. Fabela's sentence of life without parole is excessive and violates the Eighth Amendment; (5) Mr. Fabela received ineffective assistance of trial and (6) appellate counsel; and (7) the State failed to disclose a toxicology report in violation of *Brady v. Maryland*, 373 U.S. 83 (1963). Mr. Fabela did not raise the ineffective assistance claims or the *Brady* claim until he filed his post-conviction proceedings in state court.

The magistrate judge recommended dismissal of each of the above claims and recommended the denial of habeas relief. The district court adopted the

2

magistrate judge's report and recommendation, and denied Mr. Fabela's application for a certificate of appealability. For substantially the same reasons provided in the magistrate judge's thorough and well-reasoned report and recommendation, we reject Mr. Fabela's arguments.

## II. DISCUSSION

A COA can issue only "if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). A petitioner is entitled to federal habeas relief only if the state court decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(1)-(2).

We hold that the Oklahoma Court of Criminal Appeals' application of the *Batson* burden-framework was not contrary to nor an unreasonable application of clearly established law. *See Rice v. Collins*, 126 S. Ct 969, 976 (2006) ("Reasonable minds reviewing the record might disagree about the prosecutor's credibility, but on habeas review that does not suffice to supersede the trial

3

court's credibility determination."). As to the jury instructions claim, we agree that the Oklahoma Court of Criminal Appeals' adjudication of this issue was not an unreasonable application of Supreme Court precedent. As to the cumulative error claim, the Oklahoma Court of Criminal Appeals' resolution of this issue is subject to deference, and we agree that any trial errors did not render Mr. Fabela's trial fundamentally unfair, given the weight of the evidence against him. We agree that the Eighth Amendment claim based on an excessive sentence should also be denied.

As to the ineffective assistance of trial counsel claim, we agree with the magistrate judge and district court that Mr. Fabela cannot show cause for his procedural default of this claim, not can he demonstrate that failure to consider the claim will result in a fundamental miscarriage of justice. *See Coleman v. Thompson*, 501 U.S. 722, 750 (1991); *English v. Cody,* 146 F.3d 1257, 1259 (10th Cir. 1998).

As to the ineffective assistance of appellate counsel, we agree with the detailed analysis of the magistrate judge that the omitted issues are meritless. *See* Rec. doc. 15 at 27-35 (Mag. Rep. and Recommendation, filed Jan. 30, 2006). Finally, with respect to the *Brady* claim, Mr. Fabela alleged ineffective assistance of appellate counsel as cause to overcome the procedural bar. We agree with the magistrate judge's examination of the merits of this claim. Mr. Fabela failed to demonstrate that there existed a toxicology report not disclosed by the State.

4

We have carefully reviewed Mr. Fabela's brief, the magistrate judge's report and recommendation, district court's disposition, and the record on appeal. Nothing in the facts, the record on appeal, or Mr. Fabela's filings raises an issue which meets our standards for the grant of a COA. For substantially the same reasons set forth by the district court, we are not persuaded that jurists of reason would disagree with the district court's disposition of Mr. Fabela's § 2254 petition.

## III. CONCLUSION

We DENY Mr. Fabela's request for a certificate of appealability, deny his motion to proceed IFP, and DISMISS the matter.

Entered for the Court,

Robert H. Henry
Circuit Judge